IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CR No. 99-091L |
| | ) | |
| JOSE A. DIAZ | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR CORRECTION OF SENTENCE**
**PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)**

I. Introduction

The Defendant, Jose Antonio Diaz, ("Diaz") moves for a correction of his sentence. Diaz claims that a recent amendment to the United States Sentencing Guidelines, if retroactively applied to the sentence imposed on him, would result in a shorter term of imprisonment. He asks the court to reduce his sentence under the authority of 18 U.S.C. § 3582.

Diaz is not entitled to the relief that he requests because, whether or not the guideline amendment upon which he relies would have produced a lower sentence, the amendment has not been made retroactive. Therefore the amendment does not apply and his sentence cannot be reduced.

II. Facts

Diaz and an accomplice, Ruben Ramirez, committed an armed robbery of a Fleet Bank in East Providence, Rhode Island on August 6, 1999. Ramirez was armed with what appeared to be a pistol grip shotgun and Diaz was armed with a handgun that he had stolen in an earlier

robbery of a convenience store.[1] Diaz and his accomplice absconded with $32,805.50 from the bank. The pair of robbers were also implicated in at least three other convenience store or fast food restaurant robberies.

Diaz is an armed career criminal who qualifies for that distinction several times over, having been nine times convicted of robbery and other crimes of violence in the States of Rhode Island and New York as well as in the Commonwealth of Massachusetts. On April 27, 2000 Diaz was sentenced to 346 months in prison.

## III. Argument

Section 3582(c)(2) of Title 18 states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, ***if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*** (Emphasis added)

Effective November 1, 2007, U.S.S.G. §§ 4A1.1, 4A1.2 and 4B1.2 were amended. The amendments were designated in Appendix C, as Amendment 709. The Sentencing Commission observed, "First, the amendment addresses the counting of multiple prior sentences. * * * The amendment simplifies the rules for counting multiple prior sentences and promotes consistency

---

[1]At sentencing, Diaz denied that the pistol was a firearm, claiming instead that the weapon depicted in the bank security video was actually an air powered BB gun. At hearing the Government established to the Court's satisfaction that the gun was in fact a fully functioning firearm stolen in the preceding robbery.

in the application of the guideline. The amendment eliminates use of the term 'related cases' at § 4A1.2(a)(2) and instead uses the terms 'single' and 'separate' sentences."

It is at least unclear whether this amendment would actually work to shorten Diaz's sentence at all. Diaz was sentenced based on his status as an Armed Career Criminal pursuant to 18 U.S.C. § 924 (e) and U.S.S.G. § 4B1.4(b) which directs the court to apply an offense level 34 to all defendants sentenced under the Armed Career Criminal Act. A recalculation of Diaz's criminal history score would not alter that result. However, it makes no difference to the analysis because Amendment 709 was not made retroactive under U.S.S.G. § 1B1.10.

Application Note 1(A) of U.S.S.G. § 1B1.10 states in pertinent part:

> ***"Eligibility. - Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection ( c ) * * * Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if: (I) none of the amendments listed in subsection (c) is applicable to the defendant . . . ."***

Amendment 709 is not an amendment listed in subsection ( c ). Consequently it is not retroactively applicable and Diaz cannot use it as a basis to seek a correction or reduction of his sentence which was imposed in 2000 and which long ago became final. See: United States v. Godin, __ F.3d __, 2008 WL 1006669 (1st Cir. 2008).

III. Conclusion

The Motion for Correction of Sentence Pursuant to Title 18 U.S.C. § 3582 (c) (2) filed by Diaz should be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U. S. Attorney
RI Bar 3134
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email gerard.sullivan@usdoj.gov

CERTIFICATION

On April 28, 2008, I caused the within "Government's Objection to Defendant's Motion for Correction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)" to be filed electronically and it is available for viewing and downloading from the ECF system.

Notification by first-class mail, postage paid:

Jose Antonio Diaz
Reg. No. 04772-070
Federal Correctional Complex
U.S. Penitentiary-2
P.O. Box 1034
Coleman, Florida 33521

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U. S. Attorney
RI Bar 3134
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email gerard.sullivan@usdoj.gov