**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

UNITES STATES OF AMERICA      :

                          :

vs.      :      CR No. 99-091-ML

                          :

JOSE ANTONIO DIAZ      :

## MEMORANDUM AND ORDER

Before this Court is Jose Antonio Diaz's motion to reduce sentence pursuant to 28 U.S.C.

§3582(c)(2) (Doc. #61). For the reasons that follow, that motion is denied.

### FACTUAL BACKGROUND AND TRAVEL

In January 2000 Diaz pled guilty to robbery and firearms charges, including conspiracy to

rob a federally-insured financial institution, in violation of 18 U.S.C. §371 (Count I); armed robbery

of a federally-insured bank, in violation of 18 U.S.C. §§ 2113 (a) and (d) (Count II); using a firearm

in the commission of a crime of violence, in violation of 18 U.S.C. §924(c) (Count IV); and

possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. §922(g)(1)

(Count V).[1] According to the prosecution's version of events, Diaz and an accomplice committed

an armed robbery of a Fleet Bank in East Providence, Rhode Island on August 6, 1999. The

accomplice was armed with a pistol grip shotgun and Diaz was armed with what appeared to be a

handgun that he had stolen in an earlier robbery. Diaz and his accomplice absconded with

$32,805.50 from the bank and a gold necklace from a customer.[2] The two robbers were also

implicated in three other convenience store or fast-food restaurant robberies. (See Transcript of

Change of Plea Hearing conducted on January 18, 2000 ["Plea Tr."] at 16-18.)

---

[1]  Count III was dismissed at the request of the Government.

[2]  The accomplice, Ruben Ramirez, pled guilty to similar charges, and was sentenced, in a separate proceeding.

The presentence report (PSR) calculated offense levels of 23 for the robbery offenses (Counts I and II) and 26 for the firearm possession offense (Count V) (PSR, ¶¶ 14-28), but also found that Diaz was an armed career criminal and calculated an offense level of 34 in connection with the §924(c) offense (Count IV) (Id., ¶¶ 29-30.)[3] At sentencing Diaz denied that the weapon he used during the robbery was a firearm and claimed that it was actually an air-powered BB gun. After an evidentiary hearing, the Court (Lagueux, J.) found that the gun was in fact a fully functioning firearm that Diaz had stolen in an earlier robbery of a convenience store (See Transcript of Sentencing Hearing conducted on April27, 2000 ["Sent Tr."] at 80-82.) The Court established Diaz's offense level at 34, based on his status as an armed career criminal, and sentenced him to 60 months imprisonment on Count I and 262 months imprisonment on Counts II and V, all to be served concurrently, and to 84 months imprisonment on Count IV, to be served consecutively to the sentences on Counts I, II and V. (Id. at 83, 91-92.)

Diaz's conviction and sentence were affirmed on appeal, United States v. Diaz, Dkt. No. 00-1783, 27 Fed.Appx. 2 (1st Cir. Nov. 16, 2001), and his various requests for postconviction relief filed in this Court have been denied.[4]

Diaz then filed the instant motion to reduce his sentence pursuant to 18 U.S.C. § 3582 (c)(2), relying on Amendment 599 to the United States Sentencing Guidelines. The Government opposes the motion. (See Government's Response [Doc. #64].)

---

[3] As noted by the sentencing court, the PSR inadvertently reversed the references to Counts IV and V in its discussion of offense levels. (See PSR at 10.) This Court refers to the respective counts as set forth in the Indictment (Doc. #1) and Judgment (Doc. #33).

[4] See e.g. Order (Doc. #60) entered on July 16, 2008 denying Motion for Correction of Sentence pursuant to USSG Amendment 709. See also Order denying Motion to Vacate (Doc. #8) in Diaz v. United States, CA 09-507-L (D.R.I. Feb. 13, 2003).

## DISCUSSION

In his motion, Diaz asserts that his sentence was improperly enhanced twice for the use of the firearm: first in connection with his sentencing on Count II, the robbery offense, and then as to Count IV, the subject of a separate offense and separate sentence. Seeking to 'correct' this, Diaz invokes Guideline Amendment 599, which took effect on November 1, 2000,[5] six months after he was sentenced. Diaz contends that based on Amendment 599, his sentence on Count IV should be reduced. (Motion to Reduce at 2-4; Reply at 1-3.)

As a threshold matter, the Government points out that Diaz faces procedural hurdles in asserting the instant motion -- contending (1) that Diaz is precluded from raising his claim some ten years after the basis for it (i.e., the promulgation of Amendment 599) first appeared, where he failed to raise it on direct appeal or in his earlier postconviction filings; and (2) that the proper vehicle for asserting such a claim is a motion to vacate or set aside or correct his sentence under 28 U.S.C. § 2255, rather than § 3582(c). (Gov't Response at 2-3.) However, this Court need not address these procedural issues, because it is clear in any event that Diaz's claim fails on the merits.

Diaz's claim is foreclosed by established case law in this circuit. See United States v. Hickey, 280 F.3d 65 (1st Cir. 2002). In Hickey, the defendant, relying on Amendment 599, filed a motion under §3582(c)(2) to reduce his sentence imposed eleven years earlier for armed robbery, in violation of 18 U.S.C. §§ 371, 2113(d), and use of a firearm during the commission of an armed robbery, in

---

[5] Amendment 599 amends Commentary 2 to USSG §2K2.4 to provide in pertinent part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

USSG Guidelines Manual, Supp. to App. C, Amendment 599, 2d para. See also id., Amend. 607 (making Amendment 599 retroactive).

violation of § 924(c). The district court granted the motion and re-sentenced Hickey to a lesser sentence. Id. at 65. The Court of Appeals noted that Hickey had been sentenced under the armed career criminal guideline, USSG §4B1.1, rather than under the guidelines for his underlying offenses and that therefore Amendment 599 did not apply. Hickey, 280 F.3d at 69. The court held that the district court was without jurisdiction to modify Hickey's sentence and vacated the reduced sentence. Id. at 66, 69. Hickey thus "stands for the proposition that a sentencing court has no authority to entertain a sentence reduction motion under section 3582(c)(2) when the guideline amendment in question does not affect the guideline sentencing range actually used by the sentencing court." United States v. Caraballo, 552 F.3d 6, 11 (1st Cir. 2008) (citing Hickey, 280 F.3d at 69).

Here, Diaz was similarly convicted of both armed robbery (Count II) and two firearms offenses -- using a firearm in the commission of a felony (the §924(c) offense, Count IV) and being a felon in possession of a firearm (the §922(g) offense, Count V). His sentence was similarly based on the offense level found under the armed career criminal guideline, USSG § 4B1.1, rather than on the lower offense levels for his underlying offenses. (PSR, ¶¶ 30, 66). See Caraballo, 552 F.3d at 9-10 (noting that where career offender guideline offense level is greater than that for underlying offense(s), sentencing court must use career offender guideline).

Moreover, the guideline enhancements calculated in connection with Diaz's underlying offenses (although not ultimately used) did not include any enhancement for "possession, brandishing, use, or discharge of a ... firearm," under USSG §2K2.4, which was the subject of Amendment 599. Rather, the only enhancements used in connection with his robbery offense were based on the facts that the subject of the robbery was a federal financial institution and the amount of loss was more than $10,000. (PSR, ¶¶ 14-16.) Thus, there was no "double counting" in

-4-

connection with Diaz's use of a firearm and no error in sentencing.

In short, Amendment 599 did not affect the guideline sentencing range used by the sentencing court in imposing Diaz's sentence, and therefore this Court has no authority to entertain the instant motion under §3582(c)(2). See Hickey, 280 F.3d at 69.

This Court has considered all of Diaz's other arguments and finds them to be without merit.[6]

## CONCLUSION

For all of the foregoing reasons, Diaz's motion to reduce sentence is hereby DENIED and DISMISSED.

---

[6]  Diaz filed a Notice of Supplemental Authority (Doc. #66), invoking United States v. O'Brien, 130 S.Ct. 2169 (2010). That decision, however, is inapposite to the instant case, as it simply holds that the type of firearm involved, a machine gun, was an element of a use-of-firearm offense under 18 U.S.C. §924(c)(1)(B) to be proved beyond a reasonable doubt rather than a sentencing factor for that offense. Id. at 2180.

    Other cases cited by Diaz in his papers are either distinguishable or do not support his position. His reliance on Simpson v. United States, 435 U.S. 6 (1978) (Motion to Reduce at 2, Notice of Addendum at 3), overlooks the fact that that decision was abrogated by the amendments to §924(c) pursuant to the Comprehensive Crime Control Act of 1984, P.L. 98-473, §1005(a). See e.g. United States v. Gonzales, 520 US 1, 10 (1997) (noting abrogation). The decision in United States v. Dillon, 572 F3d 146 (3d Cir. 2009), aff'd, Dillon v. United States, 130 S.Ct. 2683 (2010), simply held that where a Guideline Amendment is made retroactive, any sentence reduction must be within the lower guideline range resulting from the amendment and is likewise inapposite.

    United States v. Cruz-Rodriguez, 541 F.3d 19 (1st Cir. 2008), is factually distinguishable. See id. at 33-34 (no double counting where defendant's drug offense sentence was enhanced by his use of a firearm, but accompanying offense was possession of a firearm near a school zone in violation of §924(a) rather than a use-of-firearm offense under §924(c)). Finally, United States v. Williams, 558 F3d 166 (2d Cir. 2009), not only conflicts with First Circuit law, see United States v. Pulido, 566 F3d 52 (1st Cir. 2009), but was abrogated by Abbott v. United States, 131 S.Ct. 18, (2010) (holding that defendant was subject to consecutive sentence for possessing firearm in furtherance of felony drug offense under §924(c), despite higher minimum sentences for his separate convictions for related offenses).

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Diaz has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Diaz is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. <u>See</u> § 2255 Rule 11(a).

SO ORDERED:

_____
Mary M. Lisi
Chief United States District Judge

Date: June 23, 2011